# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 10-10454

Lyle W. Cayce
Clerk

DONALD J. DAVIS,

Plaintiff - Appellant

v.

KROGER TEXAS LP; THE KROGER CO.,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1130

Before REAVLEY, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Donald Davis, a long-time Kroger employee at various of its locations in
Texas -- who was, until 2005, a union member covered by a collective bargaining
agreement, and who was thereafter a member of management -- brings this
appeal. He challenges the district court's entry of summary judgment[1] rejecting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Although Davis challenges various evidentiary rulings of the district court, the district
court did not abuse its discretion with respect to any of these rulings; furthermore, even if
there was error, it was harmless because none of these rulings affected Davis's substantial
rights.

No. 10-10454

his claims arising from mistaken seniority dates and from his ultimate discharge. We have thoroughly considered the briefs, the record, and the oral argument in this case, and have concluded that the district court committed no error in granting summary judgment in favor of Kroger. For the reasons stated below, we **AFFIRM.**

I.

A.

The complaint in this case charges Kroger with negligence, fraud, and defamation on the ground that the company records do not accurately reflect Davis's seniority dates. All of the complained-of events occurred while he was a member of the collective bargaining unit and covered by a collective bargaining agreement, which addresses seniority, termination, and leaves of absence. These claims are therefore preempted by the Labor Management Relations Act ("LMRA.") *See United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368 (1990) ("State law is . . . preempted by Section 301 [of the LMRA] in that only the federal law . . . governs the interpretation and application of collective-bargaining agreements.")

Davis's complaint also requests a declaration that he was employed by Kroger for eighteen years. This grievance -- just like the others -- challenges his seniority date, which we reiterate is a subject covered by the collective bargaining agreement. The claim is therefore preempted. *Id.*

B.

Davis was discharged in 2006, at a time when he was a member of management and not covered by the collective bargaining agreement. He brings two state law claims stemming from his discharge: fraudulent nondisclosure and defamation. He argues that summary judgment was inappropriate on these claims because there is a factual dispute about whether he was given proper notice of his shift.

No. 10-10454

He admits that he was discharged for failing to show up to work as scheduled on May 20, 2006, but argues that Kroger did not tell him in advance that he was scheduled to work that day.  He acknowledges, however, that he in fact *was* informed that he was on the schedule, and that he physically viewed the schedule.  Consequently, there is no genuine issue of material fact regarding notice, and his fraudulent nondisclosure claim was properly subject to summary judgment.

Similarly, the only evidence of Kroger's "defamation" is that it told Davis's fellow employees that he was fired for refusing to work his May 20 shift.  Because truth is an absolute defense to defamation, *see COC Servs. Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 681 (Tex. Ct. App. 2004), the district court properly granted summary judgment on this claim.

## II.

For the reasons set forth above, the summary judgment in favor of Kroger is

**AFFIRMED**.